FILED

2003 OCT 21  A 10:06

U.S.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DIRECTV, Inc. ) | |
| ) | CIVIL ACTION |
| Plaintiff, ) | NO. 3:03CV927-SRU |
| ) | |
| vs. ) | RULE 26(f) REPORT OF THE PARTIES' |
| ) | PLANNING MEETING |
| EDWARD ABELIN ) | |
| ) | |
| Defendant ) | |

## RULE 26(f) REPORT OF THE PARTIES' PLANNING MEETING

Date Complaint Filed: 05/23/2003

Date Complaint Served: 8/4/03

Date of Defendant's Appearance: 08/29/2003

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, a conference was held on 10/3/03 and 10/7/03. The participants were:

Attorney John M.. McLaughlin for plaintiff and Edward Abelin, Pro Se Defendant

**I. CERTIFICATION**

Undersigned counsel for Plaintiff and the Pro Se Defendant certified that, after consultation with the Plaintiff, they have discussed the nature and basis of the parties' claims and

defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel for Plaintiff Counsel further certifies that he has forwarded a copy of this report to the Plaintiff.

## II. Jurisdiction.

A. Subject Matter Jurisdiction:

Federal Question Jurisdiction exists pursuant to 28 U.S.C. § 1331.

B. Personal Jurisdiction: Defendant acknowledges that he is a resident of Connecticut.

## III. Brief Description of the Case.

A. Claims of Plaintiff:

Plaintiff alleges that Defendant used and/or distributed or modified two devices, referred to as an "intertek Blue Emulator Boards". These devices were specifically designed for utilization in the unauthorized interception of the Plaintiffs telecommunications signals. The use of these devices to intercept the Plaintiffs telecommunications signals violates Title 47 U.S.C. section 605 and Title 18 U.S.C. section 2520. Distributing these devices violates

provisions of title 47 U.S.C. section 605.

The Plaintiff's allegations are based upon the evidence that the Defendant purchased two emulators on or about April 9, 2001.. From the purchase of the descrambling device:

1. The Court Can logically infer the device was used and/or distributed in violation of the Federal law; or

2. The Court must find there is a rebuttable presumption that the device was used and/or distributed in violation of the Federal law. See *Community Television Sys. Inc. v. Caruso* 284 F. 3d 430 2002 (2d Cir. 2002).

Plaintiff is seeking:

1 Statutory damages pursuant to Title 47 U.S.C. §605 with a *minimum* of $10,000.00 for each unlooper distributed or for each so-called "access card" which was modified and/or then distributed after being modified were utilized in conjunction with an emulator;

    2    Statutory damages pursuant to Title 47 U.S.C. §605 with a *minimum* of $1,000.00, *tripled* pursuant to Connecticut General Statute 52—564, for the Defendant's unauthorized interception of signal;

    3    Statutory damages pursuant to Title 18 U.S.C. section 2520 of the greater of $10,000.00 or $100.00 per day of unauthorized interception, *tripled* pursuant to Connecticut General Statute 52—564;

    4    The Plaintiff attorney's fees pursuant to either Title 18 U.S.C. section 2520 or Title 47 U.S.C. §605

B.    Defenses and Claims of Defendant: The Defendant:

Defendant denies all of the Plaintiff's allegations that Defendant used and/or distributed or modified two devices, referred to as an "intertek Blue Emulator Boards". Defendant came to the Counsel for the Plaintiff's office prior to filing an answer, and explained his legal use of smartcard technology, in hopes to prevent costly litigation, but the Plaintiff demands settlement monies, or court.

The Defendant's arguments against the Plaintiff's allegations are; Plaintiff has no FACTUAL evidence determining that the defendant illegally viewed unauthorized channels; Plaintiff has no FACTS supporting their allegation the Defendant modified equipment to illegally intercept, decode and unscramble DirecTV's programming: Plaintiff has no FACTUAL evidence that the Defendant distributed Pirate Access Devices as alleged in their complaint filed.

Defendant did not own a DirecTV receiver or dish at the date of April 9, 2001, according to evidence provided by the Plaintiff, it was not until February of 2002 that Defendant and Plaintiff can verify possession of DirecTV reception equipment.

1. Defendant prays the court will deny the Plaintiff's claims for relief under 47 U.S.C. § 605(e)(3)(C), and any subparts thereof, in that the Plaintiff is not an "aggrieved person" as defined by 47 U.S.C. § 605(d)(6). In particular, evidence establishes that the Defendant lacked the reception equipment, computer software, and specialized knowledge necessary to interfere with Plaintiff's proprietary rights in its satellite programming by intercepting such communications in violation of law.

2.  Counter allegation is pursuant to Title 18 U.S.C. § 875 (d). Defendant claims this lawsuit is malicious, and the Plaintiff has been attempting to extort money from the Defendant, and thousands of other technology hobbyist, because Plaintiffs know a few people have advanced knowledge, and using this common smart card technology for illegal purposes, with only that assumption, the Plaintiff demands me to, innocent or not, pay-up or be sued.

**IV.    Statement of Undisputed Facts.**

Counsels certify that they made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state that the following material facts have been admitted by the Defendant in his answer:

1. At all relevant times, the Defendant was an individual with his principal residence at 235 South Water Street, Apt E8, East Windsor, CT 06088.

2. This action is brought pursuant to Title 47 U.S.C. §§ 605 and Title 18 U.S.C. § 2520.

3. This Court has original jurisdiction over this action under Title 28 U.S.C. § 1331.

4.   Venue is proper in the United States District Court in and for the District of Connecticut pursuant to Title 28 U.S.C. § 1391(b).

5.   On or about April 9, 2001, the Defendant did purchase two (2) devices from Intertek.

**V.   Case Management Plan.**

A.   *Standing Order on Scheduling in Civil Cases.*

The parties request a modification of the deadlines in the Standing Order as follows:

That Paragraph 2(d) be modified so as to require that all discovery be completed by February 25, 2004.

That Paragraph 2(e) be modified so as to require that all motions for summary judgment be filed by March 25, 2004.

B.   *Scheduling Conference with the Court.*

The parties request a pretrial conference with the court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b). The parties prefer a conference by telephone.

C.   *Early Settlement Conference.*

1. The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is unlikely at this time

2. The parties request an early settlement conference.

    3. The parties request a settlement conference with a magistrate judge.

    4. The parties request a referral for alternative dispute resolution pursuant to C. Conn. L. Civ. R. 16.

    D.    Joinder of Parties and Amendment of Pleadings.

        1.    The parties are allowed until March 25, 2004 to file motions to join additional parties, and until February 25, 2004 to file motions to amend the pleadings.

    E.    *Discovery.*

        1. The plaintiff anticipates discovery will be needed on the following subjects: Information related to Defendants' purchase, use, distribution, sales and manufacture/alteration of devices to intercept plaintiff's television programming without authorization by or payment to plaintiff.

        2. The Defendant anticipates discovery will be needed on the following subjects:

           a) Discovery will be needed on DirecTV's policies concerning pre-litigation investigations of facts.

      b) Discovery will be needed pertaining to the entity called Intertek.

      c) Discovery will be needed pertaining to the equipment needed to intercept and utilize DirecTV's television signals without authorization or payment to DirecTV.

      d) Discovery will be needed on DirecTV's knowledge of the Defendant's distribution to 3rd parties.

      e) Discovery will be needed on DirecTV's ongoing lawsuits, seizures, and settlements which have any relationship or resemblance to the Defendants case.

3.    All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4) may be commenced forthwith and will be completed by February. 25, 2004.

4.    Discovery will not be conducted in phases.

5.    Discovery on issues for early discovery will be completed by \_\_\_\_N/A\_\_\_\_.

6.    The parties anticipate that the plaintiff will require a possibility of 5 depositions of fact witnesses (depending upon the ultimate disposition of the emulators) and that the defendant will require a total of two (2) depositions of fact witnesses. The depositions will be completed by Jan. 25, 2004.

7.    The parties may request permission to serve more than twenty-five (25) interrogatories.

8.    The plaintiff intends to call one expert witness at trial (with the understanding that certain of the Plaintiff's fact witnesses might be qualified as experts). The plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by January 25, 2004. Depositions of any such experts will be completed by March. 25, 2004.

9.    The defendant intends to call one expert witness at trial. No experts have been consulted or identified at this time, however the Defendant reserves the right to name said experts at the appropriate time. The defendants will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(s)(2) by January. 25, 2004. Depositions of any such experts will be completed by March. 25, 2004.

10.   Any party who has a claim or counterclaim for damages will provide a damage analysis on or before January 25, 2004.

F.  *Dispositive Motions.*

Dispositive motions will be filed on or before March 25, 2004.

G.  *Joint Trial Memorandum.*

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by April 25, 2004.

**VII.  Trial Readiness.**

The case will be ready for trial sixty (60) days after the filing of a joint trial memorandum.

As an officer of the Court, undersigned counsel for the Plaintiff agrees to cooperate with the undersigned pro se Defendant promote the just, speedy and inexpensive determination of this action. The undersigned pro se Defendant also certifies that he will cooperate with all other parties, counsel of record and the Court to promote the just speedy and inexpensive determination of this action.

PLAINTIFF,                                    DEFENDANT, *Edward Abelin*

                                              EDWARD ABELIN

By _____    By _____
John M. McLaughlin, Esq.                Edward Abelin
McLaughlin Sacks LLC
31 Trumbull Rd.
Northampton MA 01060
Tel 413-586-0865
(CT16988)

## CERTIFICATE OF SERVICE

    I, John M. McLaughlin, attorney for the Plaintiff, hereby certify that on this 20th day of October 2003, a copy of the foregoing Rule 26(f) Report of the Parties' Planning Meeting was mailed first class to:

Edward Abelin
235 South Water Street
Apt E-8
East Windsor, CT  06088

_____
John M. McLaughlin, Esq.